UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>LEMONTE JOHNSON,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:03-CR-322 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Lemonte Johnson's unopposed motion for early termination of supervised release. (ECF No. 41).

"On February 24, 2005, Mr. Johnson was sentenced to 120 months custody followed by [five] years of supervised release after pleading guilty to Distribution of a Controlled Substance in violation of 21 U.S.C. § 841." *Id.* at 2. Mr. Johnson has been under supervised release since March 18, 2013. *Id.* Currently, defendant has completed nearly three-and-a-half years of his supervised release sentence. *Id.* During that time, he has been compliant with his supervised release conditions. *Id.* The government offers no opposition to the present motion. *Id.*

Pursuant to 18 U.S.C. § 3583(e)(1), the court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Here, the court is informed of Mr. Johnson's positive progress during and after his term in custody. While in custody, Mr. Johnson completed several drug programs, such as the Residential Drug Abuse Program, "a drug education program[,] and the Non-residential Drug Abuse Program." (ECF No. 41, 41-1). Further, Mr. Johnson also completed programs that involve a mock job fair and other skills used to secure employment. (ECF No. 41-1 at 6). Additionally, he was involved with the Next Step program and engaged in Bridge Counseling. (ECF No. 41).

**James C. Mahan**
**U.S. District Judge**

Clearly, Mr. Johnson has taken advantage of the opportunities presented to him for improving both his employment prospects and general well-being.

Since his release, Mr. Johnson has been able to find and maintain full-time work and sometimes additional part-time employment. *Id.* He suggests that his employment prospects could further improve should the court grant this motion. *Id.* at 5.

Mr. Johnson also appears to have followed the terms of his supervised release. There is no indication that he has recently been arrested, abused drugs, or experienced episodes of violence or psychiatric distress. *Id.* at 4. Although he has been tested for drugs, Mr. Johnson has never failed these tests. *Id.* Indeed, defendant offers his probation officer's reflection "that she has never had any issues with Mr. Johnson." *Id.*

Although he was indicted, *inter alia*, for being a felon in possession of a firearm, he was convicted of only the "Distribution of a Controlled Substance" count, and there was no indicted charge for the use of that firearm. (ECF No. 1, 35). Nor does Mr. Johnson's felony history appear to be a violent one.[1]  (ECF No. 1, 41).

Ultimately, it appears that Mr. Johnson has made substantial steps towards being a productive, self-sufficient member of society who poses little threat to public safety. Moreover, probation and the government do not oppose this motion. In light of these facts, this court is satisfied that an early termination of Mr. Johnson's supervised release is warranted by his conduct and is in the interest of justice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mr. Johnson's unopposed motion for early termination of supervised release (ECF No. 41) be, and the same hereby is, GRANTED.

DATED August 29, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Defendant had previous felony convictions for "Attempted Obtaining Money Under False Pretenses . . . and . . . Trafficking in Controlled Substance . . . ." (ECF No. 1 at 1).

**James C. Mahan**
**U.S. District Judge**